UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

Case No.   3:26-cr-37-MMH-MCR
26 U.S.C. § 7206(1)
18 U.S.C. § 1343

ANTONIO CASSEUS

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Willfully Making a False Tax Return)

A. Introduction

At all times material to this Information:

1.      The defendant, ANTONIO CASSEUS, was a resident of Jacksonville, Duval County, Florida, and the owner and operator of Simplyinvest LLC, a business located in Jacksonville, Florida.

2.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury with responsibility for the ascertainment, computation, assessment, and collection of revenue, including individual income taxes.

3.     A Form 1040, U.S. Individual Income Tax Return, is an IRS form that is used to report an individual's income, exemptions, deductions, credits, taxes, taxes paid, and other financial information and to determine the amount of taxes owed by the individual to the IRS or the refund due to the individual from the IRS.

4.     "Federal income tax withheld" is money that is deducted from income payments by the payer of the income and deposited with the IRS to cover the tax that is expected to be assessed on the income for the tax year in which the income is paid.  Withholding reduces the amount of tax an individual must pay, or results in a refund if more tax is withheld than is due, when the individual files the individual's annual tax return.

## B.  Charge

5.     On or about October 22, 2022, in Duval County, in the Middle District of Florida, the defendant,

ANTONIO CASSEUS

who was a resident of Jacksonville, Florida, did willfully make and subscribe a 2021 Form 1040, U.S. Individual Income Tax Return, filed with the Internal Revenue Service, which contained a written declaration that it was made under penalties of perjury and which the defendant did not believe to be true and correct as to every material matter, in that the defendant stated in the Tax Return that he

2

had $23,049 in taxable income when, as the defendant then and there knew, he had $643,703 in taxable income. The defendant stated that in the Tax Return that he owed a tax due and owing of $5,488 when, as the defendant then and there knew, that he had an additional tax due and owing of $230,291.

In violation of 26 U.S.C. § 7206(1).

## COUNT TWO
## (Wire Fraud)

### A. Introduction

1.     At all times material to this Indictment: The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.     The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

3.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. The CARES Act

3

authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

4.     To obtain an EIDL and advance, a qualifying business had to submit an application to the SBA and provide information about its operation, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. For EIDL applications submitted before May 4, 2020, an EIDL applicant was required to disclose whether the applicant had been convicted of a criminal offense. The applicant also had to certify that all the information in the application was true and correct to the best of the applicant's knowledge.

5.     EIDL applications were submitted directly to the SBA. The amount of the loan, if the application was approved, was determined based, in part, on the information provided by the applicant about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL, or advance were

issued directly by the SBA. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rents, and mortgage payments. If the applicant also obtained a loan under an SBA program referred to as the Paycheck Protection Program ("PPP"), the EIDL funds could not be used for the same purpose as the PPP funds.

6. Another source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through the PPP.

7. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses. Individuals who operated under a sole proprietorship or as an independent contractor or eligible self-employment

individual were also eligible to apply for a PPP loan.

8.     PPP loan applications were processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information from the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

9.     PPP loan proceeds were required to be used for certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan towards payroll expenses.

10.     Financial Institution 1 is headquartered in Pittsburgh, Pennsylvania. Financial Institution 1 has institutional, as well as individual clients, based throughout the United States, including the Middle District of Florida. Financial Institution 1 provides banking and investment services.

11.     The SBA is headquartered in Washington, DC. The SBA has district offices throughout the United States, including the Middle District of Florida. The SBA provided services including funding programs, counseling, federal

6

contracting certifications, and disaster recovery.

## B. The Scheme to Defraud

12.     From in or about April 2020, through in or about March 2021, in the Middle District of Florida, the defendant,

### ANTONIO CASSEUS,

did knowingly devise and intend to devise, and participate in, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as more fully described herein.

## C. Manner and Means

13.     The manner and means through which the defendant carried out the scheme and artifice to defraud included the following:

a.     It was part of the scheme and artifice to defraud that the defendant would and did engage in a scheme to obtain money from the SBA and a PPP lender by submitting a PPP loan application to the SBA, and Financial Institution 1 in the name of Simplyinvest LLC.

b.     It was further part of the scheme and artifice to defraud that the defendant would and did fraudulently claim the average monthly payroll and number of employees for Simplyinvest LLC.

7

c.      It was further part of the scheme and artifice to defraud that the defendant would and did fraudulently create and use Internal Revenue Service and Social Security Administration forms to support false statements made on the PPP loan application for Simplyinvest LLC.

d.      It was further part of the scheme that the defendant caused to be signed and submitted to the SBA under penalty of perjury, the following Simplyinvest LLC EIDL forms:

i.      Loan Authorization and Agreement;
ii.     Loan Note; and
iii.    Loan Security Agreement

e.      It was further part of the scheme and artifice to defraud that the defendant would and did use and cause EIDL and PPP funds to be used for unauthorized purposes and for his own personal enrichment.

f.      It was further part of the scheme and artifice to defraud that the defendant would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the acts performed in furtherance of the scheme to defraud.

### D. Execution of the Scheme

On or about the date set forth below, in the Middle District of Florida, and elsewhere, the defendant,

ANTONIO CASSEUS,

8

for the purpose of executing and attempting to execute the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly and with intent to defraud transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, the below-listed wire from Financial Institution 1 whose principal place of business is in Pittsburgh, Pennsylvania:

| COUNT | DATE | AMOUNT | SENT FROM | SENT TO |
|-------|------|--------|-----------|---------|
| TWO | March 30, 2021 | $150,000 | Financial Institution 1 | BBVA Bank Account ending in -2071, |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Count Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

9

3.    The property to be forfeited includes, but is not limited to, to the following:

a.    An order of forfeiture in the amount of $760,800, which represents the proceeds the defendant obtained from the offense charged in Count Two; and

b.    Real property, including all improvements thereon and appurtenances thereto, located at 3737 Verde Gardens Circle, Jacksonville, FL 32218, the legal description for which is:

Lot 17E, Verde Gardens, according to map of plat thereof as recorded in Plat Book 63, Pages 124 -131, inclusive, of the Public Records of Duval County, Florida;

Parcel Identification Number: 019975-0495;

Record Owner: Tod & Co. Inc.

4.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

10

e.  has been commingled with other property which cannot be

divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c).

GREGORY W. KEHOE
United States Attorney

By: _____

JOHN CANNIZZARO
Assistant United States Attorney

By: _____

MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

11